UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

RONALD LAURIA JR.,

                             Plaintiff,

               -against-

CITY OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, and POLICE OFFICER "JOHN DOE",

                        Defendants.

--------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

07 CV 6127 (RJH)(AJP)

Jury Trial Demanded

        Defendants, City of New York and The New York City Police Department, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein and purports to seek the relief as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

        3.      Deny the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to base venue as stated therein.

        4.      Deny the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation.

        5.      Deny the allegations set forth in paragraph "5" of the complaint, except admits that the City of New York maintains a police department in the county of New York.

        6.      Deny the allegations set forth in paragraph "6" of the complaint.

7.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint regarding unidentified officer "John Doe".

8.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint regarding unidentified officer "John Doe".

9.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint regarding unidentified officer "John Doe".

10.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint regarding unidentified officer "John Doe".

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint regarding unidentified officer "John Doe".

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint regarding unidentified officers, except admits that members of the New York City Police Department responded to apartment #2A located in 401 West 16 Street, New York, New York, on July 5, 2006.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint, except admit that members of The New York City Police Department responded to the aforementioned location pursuant to a 911 call from an individual who purported to be the plaintiff's sister.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except admits that the 911 caller stated that a 20 year old male at the aforementioned location was cutting himself and attacking people.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint, except admit, upon information and belief, that a member of the New York City Police Department employed the use of a taser on plaintiff.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint, except admit that plaintiff was handcuffed at the aforementioned location.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint, except admit that the plaintiff was transported via ambulance.

35.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.    Admit that plaintiff was transported to St. Vincent's Hospital.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the complaint.

40.    Admit that a member of the New York City Police Department accompanied the plaintiff to St. Vincent's Hospital.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the complaint.

43.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44.    Deny the allegations set forth in paragraph "44" of the complaint.

45.    Deny the allegations set forth in paragraph "45" of the complaint.

46.    Deny the allegations set forth in paragraph "46" of the complaint.

47.    Deny the allegations set forth in paragraph "47" of the complaint.

48.    Deny the allegations set forth in paragraph "48" of the complaint.

49.    Deny the allegations set forth in paragraph "49" of the complaint.

50.    Deny the allegations set forth in paragraph "50" of the complaint.

51.    Deny the allegations set forth in paragraph "51" of the complaint.

52.    Deny the allegations set forth in paragraph "52" of the complaint.

53.    Deny the allegations set forth in paragraph "53" of the complaint.

54.     Deny the allegations set forth in paragraph "54" of the complaint.

55.     Deny the allegations set forth in paragraph "55" of the complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58.     Deny the allegations set forth in paragraph "58" of the complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60.     Deny the allegations set forth in paragraph "60" of the complaint.

61.     Deny the allegations set forth in paragraph "61" of the complaint.

62.     Deny the allegations set forth in paragraph "62" of the complaint.

63.     Deny the allegations set forth in paragraph "63" of the complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66.     Deny the allegations set forth in paragraph "66" of the complaint.

67.     Deny the allegations set forth in paragraph "67" of the complaint.

68.     Deny the allegations set forth in paragraph "68" of the complaint.

69.     Deny the allegations set forth in paragraph "69" of the complaint.

70.     Deny the allegations set forth in paragraph "70" of the complaint.

71.     Deny the allegations set forth in paragraph "71" of the complaint.

72.    Deny the allegations set forth in paragraph "72" of the complaint.

73.    Deny the allegations set forth in paragraph "73" of the complaint.

74.    Deny the allegations set forth in paragraph "74" of the complaint.

75.    Deny the allegations set forth in paragraph "75" of the complaint.

76.    Deny the allegations set forth in paragraph "76" of the complaint.

77.    Deny the allegations set forth in paragraph "77" of the complaint.

78.    Deny the allegations set forth in paragraph "78" of the complaint.

79.    Deny the allegations set forth in paragraph "79" of the complaint.

80.    Deny the allegations set forth in paragraph "80" of the complaint.

81.    Deny the allegations set forth in paragraph "81" of the complaint.

82.    Deny the allegations set forth in paragraph "82" of the complaint.

83.    Deny the allegations set forth in paragraph "83" of the complaint.

84.    Deny the allegations set forth in paragraph "84" of the complaint.

85.    Deny the allegations set forth in paragraph "85" of the complaint.

86.    Deny the allegations set forth in paragraph "86" of the complaint.

87.    In response to the allegations set forth in paragraph "87" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

88.    Deny the allegations set forth in paragraph "88" of the complaint.

89.    Deny the allegations set forth in paragraph "89" of the complaint..

90.    Deny the allegations set forth in paragraph "90" of the complaint.

91.    Paragraph "91" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

92.     Paragraph "92" of the complaint sets forth conclusions of law rather than averments of fact; accordingly no response is required.

93.     Deny the allegations set forth in paragraph "93" of the complaint.

94.     Deny the allegations set forth in paragraph "94" of the complaint.

95.     Deny the allegations set forth in paragraph "95" of the complaint.

96.     Paragraph "96" of the complaint sets forth conclusions of law rather than averments of fact; accordingly no response is required.

97.     Deny the allegations set forth in paragraph "97" of the complaint.

98.     Deny the allegations set forth in paragraph "98" of the complaint.

99.     Deny the allegations set forth in paragraph "99" of the complaint.

100.    Deny the allegations set forth in paragraph "100" of the complaint.

101.    In response to the allegations set forth in paragraph "101" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

102.    Deny the allegations set forth in paragraph "102" of the complaint.

103.    Admit that the apprehension of plaintiff was reasonable.

104.    Deny the allegations set forth in paragraph "104" of the complaint.

105.    Deny the allegations set forth in paragraph "105" of the complaint.

106.    In response to the allegations set forth in paragraph "106" of the complaint, defendant repeats and re-alleges the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

107.    Deny the allegations set forth in paragraph "107" of the complaint.

108.    Deny the allegations set forth in paragraph "108" of the complaint.

109.    Deny the allegations set forth in paragraph "109" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

110.    The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

111.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

112.    To the extent that the Complaint alleges any claims arising under the laws of the State of New York, plaintiff has failed to comply with New York General Municipal Law § 50-e and accordingly, such claims are barred.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

113.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the conduct of intervening third parties and was not the proximate result of any act of defendants City of New York and The New York City Police Department.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

114.    At all times relevant to the acts alleged in the complaint, Defendants, and their agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City of New York is entitled to governmental immunity from liability.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

115.    Punitive damages cannot be recovered against the City of New York and The New York City Police Department.

- 9 -

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

116.    Plaintiff's claims may be barred in whole or in part by the applicable limitations period.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

117.    Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel and/or the Rooker-Feldman doctrine.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

118.    The New York City Police Department is not a suable entity.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE:

119.    Any action taken by police officers was supported by probable cause.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

120.    Any action taken by police officers was pursuant to New York Mental Hygiene Law §9.41.

**WHEREFORE,** Defendants City of New York and The New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 7, 2007

                                      MICHAEL A. CARDOZO
                                      Corporation Counsel
                                      of the City of New York
                                      Attorney for Defendants City of New York
                                      and The New York City Police Department
                                      100 Church Street, Room 6-307
                                      New York, New York 10007
                                      (212) 788-6405

                    By:       *Meghan Cavalieri*
                                    Meghan A. Cavalieri (MC 6758)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

TO:    Via ECF and FAX
          Mark Lubelsky, Esq.
          Mark Lubelsky & Associates
          123 West 18th St.
          New York, NY 10011
          Attorneys for Plaintiff
          Fax: (212) 255-5552

- 11 -

07 CV 6127 (RJH)(AJP)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD LAURIA JR.,

                                      Plaintiff,

                    -against-

CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, and POLICE OFFICER
"JOHN DOE",

                                      Defendants.

---

**ANSWER TO COMPLAINT ON BEHALF OF
CITY OF NEW YORK and THE NEW YORK
CITY POLICE DEPARTMENT**

---

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants  City of New York and The*
*New York City Police Department*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Meghan A. Cavalieri*
*Tel:  (212) 788-6405*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ............................................., 2007*

*........................................................................ Esq.*

*Attorney for ............................................................*

- 12 -